UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BARBARA BUCKLAND, individually, ANNA MARIE STEWART, individually, CARMEN PETERS, individually, BRIAN PIAZZA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No: C 10-5145 SBA<br><br>**ORDER TRANSFERRING VENUE**<br><br>Dkt. 16, 20 |

    Plaintiffs Barbara Buckland, Anna Marie Stewart and Carmen Peters filed the instant putative wage and hour class action on behalf of a class of registered, licensed and licensed practical nurses against Defendant Maxim Healthcare Services, Inc. ("Defendant").[1] Plaintiffs later amended the complaint to join Plaintiff Brian Piazza to bring wage and hour claims on behalf of a class of recruiters employed by Defendant. The amended complaint alleges claims under the Fair Labor Standards Act, as well as pursuant to the California Labor Code. Dkt. 7. The parties are now before the Court on (1) Plaintiffs' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and the First to File Rule, Dkt. 16, and (2) Defendant's Motion to Sever and to Dismiss, Stay or Transfer the Claims of Brian Piazza, Dkt. 20. Having read and considered the papers filed in connection with this matter, and being fully informed, for the reasons stated below, the Court hereby GRANTS Plaintiffs' motion and DENIES Defendant's motion. The Court, in its discretion, finds this

---

[1] Plaintiffs commenced the action in Alameda County Superior Court. Defendant removed the action on the basis of federal question jurisdiction on November 12, 2010.

matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

At present, there are two other class actions currently pending in other California district courts that allege similar wage and hour claims against the Defendant. First, plaintiffs representing a recruiter class filed a class action lawsuit against Defendant in state court, which Defendant removed to the Central District of California. See Ruiz-Stupi v. Maxim Healthcare Servs., Inc., C.D. Cal. No. 8:10-CV-1456. Second, in the Southern District of California, plaintiff brought wage and hour claims on behalf of a nurse class. Yung v. Maxin Healthcare Services, Inc., S.D. Cal. No. 10-CV-2579 JM. In Yung action, plaintiff filed a § 1404(a) motion to transfer venue to the Central District. On May 11, 2011, Judge Jeffrey D. Miller issued an order on said motion in which he indicated, inter alia, that, in the event this Court grants Plaintiffs' motion to transfer venue, he will transfer the Yung action to the Central District. Id. Dkt. 18.

Pursuant to 28 U.S.C. § 1404(a), Plaintiffs move to transfer this action, in its entirety, to Central District of California. In contrast, Defendant seeks an order severing Plaintiff Piazza's recruiter class claims and transferring them to the Central District. As to the remaining claims brought on behalf of the nurse class, Defendant contends that such claims should remain in this Court. Section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute requires a two-step analysis: (1) whether the action could have been brought in the transferee court, and (2) whether the convenience of the parties and witnesses and interest of justice favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); see also Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

The parties do not dispute that the action could have been brought in the Central District of California. Nor is there any dispute regarding the transfer of the recruiter class claims. Rather, the only dispute remaining is whether the nurse claims also should be

Case 2:11-cv-08414-GW -SS   Document 36   Filed 09/20/11   Page 3 of 3   Page ID #:628

1 transferred. The Court, in its discretion, finds that the transfer of *all* claims is appropriate.
2 Defendant argues that Plaintiffs' assertion that the Central District is a more convenient
3 forum is belied by the fact that they chose to file suit in Alameda County in the first
4 instance. The Court disagrees. Two of the three named plaintiffs representing the nurse
5 class work and reside in Southern California. Although the third nurse representative
6 plaintiff resided in Northern California when the lawsuit was filed, she has since moved out
7 of state. Thus, there no longer are any Plaintiffs representing the nurse class who reside in
8 this District. Moreover, given the Yung court's willingness to transfer the action to the
9 Central District, the Court finds that the interests of judicial economy and the convenience
10 of the parties and witnesses favor transferring this action, in its entirety, to a single forum
11 where it can been coordinated with Ruiz-Stupi, and eventually, Yung. Accordingly,

12    IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1404(a), Plaintiffs'
13 motion to transfer venue to the Central District of California is GRANTED, and
14 Defendant's motion to sever and dismiss or stay is DENIED. The Clerk shall transfer the
15 file and close this action. All pending matters shall be terminated.

16    IT IS SO ORDERED.

17 Dated: September 19, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge