**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA BUCKLAND, individually, ANNA MARIE STEWART, individually, CARMEN PETERS, individually, BRIAN PIAZZA, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | NO. CV 11-08414-GW (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' STIPULATED PROTECTIVE ORDER** |

    The Court has received and considered the parties' "[Proposed] Stipulated Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

    First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a

meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). Here, the parties define confidential information as "any non-public Material that such persons produce in the course of Litigation that such Producing Person believes in good faith to contain Confidential Material." (Protective Order at 3, ¶ 6). This definition could arguably include every item of information generated by either party, if they have not provided such information to the public. As such, the definition is overbroad. The parties may submit a revised stipulated protective order, but must correct this deficiency.

　　　Second, the Court cannot agree that material filed in this action will be designated by counsel as "SUBJECT TO PROTECTIVE ORDER," (Protective Order at 11, ¶ 15), because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case. If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

　　　Third, the Court cannot agree to the procedure the parties propose for the filing of documents under seal. (Protective Order at 11, ¶ 15; 15, ¶ 19(c)). The filing and disclosure of confidential court records must comply with the Central District's Local Rule 79-5. If confidential material is included in any documents to be filed in Court, such documents shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the documents – or the confidential portion thereof

- under seal.  The application shall be directed to the judge to whom the documents are directed.  Pending the ruling on the application, the documents or portions thereof subject to the sealing application shall be lodged under seal.   Local Rules 79-5.2 and 79-5.3 govern the disclosure of confidential court records and Local Rule 79-5.4 sets out the parties' responsibility to redact or exclude personal identifiers.

Finally, the proposed Protective Order fails to include an adequate statement of good cause.  Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

The Court may only enter a protective order upon a showing of good cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (parties must make a "particularized showing" under Rule 26(c)'s good cause showing for court to enter protective order); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

1    In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order.  The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT." **The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130 (citations omitted).**  The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.


DATED: February 8, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE